NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAREMASTER,

Petitioner,

v.

U.S. SECURITIES & EXCHANGE
COMMISSION,

Respondent.

No.    18-71485

SEC No. 3-14104

MEMORANDUM[*]

On Petition for Review of an Order of the
Securities & Exchange Commission

Submitted February 12, 2020[**]
San Francisco, California

Before:  GOULD and MURGUIA, Circuit Judges, and FEINERMAN,[***] District
Judge.

Sharemaster, a sole-proprietor broker-dealer registered with the Financial

Industry Regulatory Authority ("FINRA") and the Securities and Exchange

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

Commission, seeks review of a Commission order finding that Sharemaster improperly failed to submit financial statements certified by an accountant registered with the Public Company Accounting Oversight Board ("PCAOB") for the calendar year 2009. *See In re Sharemaster* ("*Sharemaster Order II*"), Exchange Act Release No. 34-83138, 2018 WL 2017542, at *6–8 (Apr. 30, 2018). We have jurisdiction under 15 U.S.C. § 78y(a)(1), and we dismiss the petition for lack of standing in part and deny the remainder on the merits.

Much of the pertinent background is set forth in *Sharemaster v. SEC*, 847 F.3d 1059 (9th Cir. 2017). At all relevant times, section 15A of the Securities and Exchange Act requires a broker-dealer registered with the Commission to "annually file . . . a balance sheet and income statement certified by a registered public accounting firm." 15 U.S.C. § 78q(e)(1)(A) (2010). Because federal law defines "registered public accounting firm" as a firm registered with the PCAOB, *see id.* §§ 78c(a)(59), 7201(12), those financial statements must be certified by a PCAOB-registered accountant. That requirement is subject to an exemption whose details do not matter for present purposes. *See* 42 Fed. Reg. 23,786, 23,788 (May 10, 1977), 1977 WL 218047.

After Sharemaster filed financial statements for the calendar year 2009 that were not certified by a PCAOB-registered accountant, FINRA imposed a $1,000 late fee and suspended Sharemaster until it complied. Sharemaster challenged

2

FINRA's decision on the ground that it qualified for the exemption and therefore was not required to use a PCAOB-certified accountant. A FINRA panel ruled against Sharemaster, and Sharemaster applied for review from the Commission.

Three days after applying for review, Sharemaster submitted 2009 financial statements audited by a PCAOB-registered firm, prompting FINRA to lift the suspension, and in turn the Commission to dismiss Sharemaster's application for review. *See In re Sharemaster* ("*Sharemaster Order I*"), Exchange Act Release No. 34-65570, 2011 WL 4889100, at *3–4 (Oct. 14, 2011). We remanded the matter to the Commission, holding that Sharemaster was entitled to challenge the $1,000 late fee. *Sharemaster*, 847 F.3d at 1068–71. On remand, the Commission held that Sharemaster did not qualify for the exemption but ordered FINRA to remit the $1,000 late fee. *Sharemaster Order II*, 2018 WL 2017542, at *1. Sharemaster seeks review of that order, contending, among other things, that the Commission wrongly held that it did not qualify for the exemption.

The Commission argues that Sharemaster lacks Article III standing to seek review because the $1,000 late fee has been refunded. "In order to invoke the jurisdiction of the federal courts, a plaintiff must establish 'the irreducible constitutional minimum of standing,' consisting of three elements: injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (quoting

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Sharemaster identifies four grounds on which the relief it seeks accords it standing. The first three fail to persuade. The fourth provides a basis for standing, but Sharemaster's claim for that relief falters on the merits.

First, Sharemaster argues that, upon reversing the Commission's order, we could "[r]einstate Sharemaster's original 2009 annual report." Sharemaster does not explain, and the court cannot discern, how reinstating its original 2009 annual report would redress any concrete injury it suffered. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (holding that "intangible injuries" can be "concrete," but that a "bare [statutory] violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III"); *Summers v. Earth Island Inst.*, 555 U.S. 488, 495 (2009) (holding that the plaintiff did not have standing because it "identified no other application of . . . invalidated regulations that threatens imminent and concrete harm").

Second, Sharemaster argues that, upon reversing the Commission's order, we could "[d]irect FINRA to remove" from its records "any derogatory statements about Sharemaster." But removing from FINRA's records any derogatory statements about Sharemaster would not redress any concrete injury Sharemaster suffered. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 879 F.3d 339, 344 (D.C. Cir. 2018) (holding that "inaccurate information [in] a

government database" does not qualify as a concrete injury "in light of 'both history and the judgment of Congress'" (quoting *Spokeo*, 136 S. Ct. at 1549)).

Third, Sharemaster argues that it "will go out of business" unless we reverse the Commission's ruling that it did not qualify for the exemption. In so arguing, Sharemaster forgets that the 2009 version of the exemption—the version the Commission applied—has since been substantively amended and thus no longer applies. *See* 78 Fed. Reg. 51,910, 51,990 (Aug. 21, 2013) (effective June 1, 2014), 2013 WL 4431230, *amended by*, 84 Fed. Reg. 27,708, 27,713 (June 14, 2019) (effective Aug. 13, 2019), 2019 WL 2465416, *amended by*, 84 Fed. Reg. 68,550, 68,652 (Dec. 16, 2019) (effective Feb. 14, 2020), 2019 WL 6828542. Indeed, the Commission made clear in its order that it was not addressing "the effect of . . . amendment[s] on the applicability of the exemption." *Sharemaster Order II*, at *8, n.52. Accordingly, reversing the Commission's application of the thrice-superseded 2009 version of the exemption would have no impact on Sharemaster's future conduct, let alone its viability.

Fourth, Sharemaster argues that, upon reversing the Commission's order, we could "[d]irect FINRA to reimburse Sharemaster's accumulated expense for filing annual audited reports prepared by PCAOB-registered accountants." Sharemaster has Article III standing to seek that remedy because: (1) financial harm is an injury in fact, *see Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012); (2)

5

the Commission's ruling that Sharemaster did not qualify for the 2009 version of the exemption caused Sharemaster to incur the additional expense of retaining a PCAOB-registered accountant; and (3) that financial injury could be redressed by a judicial ruling requiring the Commission to reimburse Sharemaster for that expense.

Although Sharemaster has Article III standing to seek that relief, it is unavailable on the merits. "Section 19(e) [of the Exchange Act] . . . governs the scope of the Commission's remedial authority." *Sharemaster*, 847 F.3d at 1063. Section 19(e) empowers the Commission to "set aside [a FINRA] sanction," 15 U.S.C. § 78s(e)(1)(B), or, under certain circumstances, to "cancel, reduce, or require the remission of . . . sanction[s]," *id*. § 78s(e)(2). Thus, while we could order the Commission to vacate any sanction imposed on Sharemaster, no such sanction remains, and we cannot order the Commission to award Sharemaster consequential damages arising from FINRA's and the Commission's finding that it did not qualify for the 2009 version of the exemption. *See Sharemaster*, 847 F.3d at 1068 ("[I]f . . . FINRA imposed a disciplinary sanction but then fully retracted the sanction by, for example, setting aside a suspension and returning any fine levied, it would make little sense for the Commission to proceed with review."); *cf. Z Channel L.P. v. HBO, Inc.*, 931 F.2d 1338, 1341 (9th Cir. 1991) (holding that the court could order "damages for loss of [foregone] revenue" because Civil Rule

6

54(c) specifically authorized that remedy).  Accordingly, insofar as Sharemaster

seeks that remedy, its petition for review is denied.

**DISMISSED in part and DENIED in part.**